**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRONA LOGAN,

        Plaintiff-Appellant,

v.

SABRE, INC., a corporation,

        Defendant-Appellee.

No. 08-5087
(D.C. No. 4:07-CV-00002-TCK-SAJ)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Plaintiff appellant Trona Logan appeals from the district court's grant of summary judgment to defendant Sabre, Inc., on her claims of Title VII racial discrimination, retaliation and hostile work environment. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Logan, who is African-American, was a technical analyst with Sabre's air pricing operations in Tulsa, Oklahoma. She was responsible for analyzing, coding, and inputting airline fare and rule data into Sabre's electronic travel distribution database. Ms. Logan's immediate supervisor was Jim Wear, the manager of air pricing operations; he reported to Carol Moran, the vice president of air pricing operations.

Ms. Logan began working at Sabre in 1998. In 2002, she and others filed a lawsuit against Sabre alleging racial discrimination. The lawsuit was settled in January 2003, and all claims were dismissed. Some eighteen months later, in July 2004, Sabre announced that part of the work done by Ms. Logan and others in air pricing operations (APO) would be outsourced to India, resulting in the need to downsize the APO department.

In order to accomplish the downsizing, Sabre designed and implemented a formal reduction-in-force program (RIF). Under the RIF, APO employees were evaluated for both hard and soft skills. The hard skills, productivity and accuracy, were evaluated by using an objective metrics software developed by a Sabre industrial engineer. The soft skills, customer focus, innovation, knowledge, adaptability etc., were evaluated by the individual employee's supervisor. Each skill was given a numerical rating, and the employees' numerical ratings were ranked. An actual line was drawn on the RIF chart after the rankings were compiled. Carol Moran made the final termination decisions. The people below

the line were let go; the people above the line stayed. There was no deviation from this method. Ms. Logan ranked forty-second in the group of forty-six employees, well below the retention line, and her employment was terminated.

After filing charges with the Oklahoma Human Rights Commission and the EEOC and receiving a right-to-sue letter, Ms. Logan brought this action in district court claiming job termination based on racial discrimination, retaliation, and hostile work environment. The district court granted summary judgment for Sabre, concluding that, although Ms. Logan had established a prima facie case of race discrimination, she was unable to demonstrate that Sabre's legitimate nondiscriminatory reason, the RIF, was pretextual. Ms. Logan's retaliation claim failed for want of any nexus between the 2002 lawsuit and her eventual termination, and her hostile work environment claim failed because she had not produced evidence of hostile working conditions pervasive or severe enough to alter the terms of her employment.

We review the grant of summary judgment de novo, applying the same standard as that used by the district court. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Thus, we will affirm the grant of summary judgment for movant Sabre "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Initially, we note that Ms. Logan's opening brief is, in large part, merely a rehash of her summary judgment response in the district court. This approach "inherently fails to address in a direct way the decision under review and, as a result, does not effectively come to grips with the district court's analysis of the deficiencies in [her] case." *Semsroth v. City of Wichita*, --- F.3d ---, 2009 WL 373195, at * 3 n.5 (10th Cir. Feb. 17, 2009). For instance, Ms. Logan does not explain how the district court erred in concluding that she failed to show pretext in Sabre's decision to terminate her. Nor does she rebut any of the conclusions reached by the district court relative to her retaliation claim. While she does add an extra paragraph in her appellate brief to the discussion of her hostile work environment claim, she suggests nothing to undercut the district court's conclusion that her evidence falls far short of what is required to prevail on such a claim.

The only new material in Ms. Logan's opening brief concerns evidence attached to Sabre's reply brief in the district court. That evidence undercut the weight of testimony from Ms. Carolyn Hicks that blacks at Sabre were discriminated against. Ms. Logan argues that the district court never gave her the opportunity to respond to the new evidentiary material raised in the reply. But there is no evidence that Ms. Logan ever requested leave to file a surreply, so she cannot prevail on this point. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

We have reviewed the pleadings, the evidence of record, and the applicable law. We find no error in the decision of the district court to award summary judgment to Sabre, and we therefore AFFIRM for substantially the reasons stated by that court in its opinion and order dated May 27, 2008.

Entered for the Court


Stephen H. Anderson
Circuit Judge